IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT FILED**
OCT 20 2016
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

LEWIS DODSON, an individual, )
)
      Plaintiff, ) Case No.:
)
v. ) **CJ-2016-03817**
) Judge:
STATE FARM MUTUAL AUTOMOBILE ) ATTORNEY LIEN CLAIMED
INSURANCE COMPANY, A Foreign For )
Profit Corporation, )
)
      Defendant. ) MARY F. FITZGERALD

### PETITION

**COMES NOW** the Plaintiff, Lewis Dodson, and for his cause of action against the Defendant, states as follows:

#### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Tulsa County, State of Oklahoma.

2. Defendant State Farm Mutual Automobile Insurance Corporation ("State Farm") is a foreign for-profit corporation doing business in Oklahoma with substantial ties to Tulsa County.

3. The acts and omissions that gave rise to this litigation occurred in Tulsa County, State of Oklahoma.

4. This Court has jurisdiction, and venue is proper in Tulsa County, State of Oklahoma.

#### FACTS COMMON TO ALL CLAIMS

5. Paragraphs 1-4 are incorporated herein by reference.

6. On or around January 3, 2015, Plaintiff was injured in a motor vehicle accident


EXHIBIT 1

due to the negligence of a third party.

7. Plaintiff sustained serious bodily injury as a result of this accident.

8. The Plaintiff had multiple insurance policies containing uninsured/underinsured motorist coverage with Defendant State Farm.

9. On or around July 5, 2015, Defendant received Plaintiff's request that Defendant State Farm pay benefits under said policies in accordance with *Burch v. Allstate*, 1998 OK 129, 977 P.2d 1057, as the value of Plaintiff's claim clearly exceeded the tort-feasor's liability policy limits.

10. On September 15, 2016, Defendant State Farm evaluated Plaintiff's claim to be within the policy limits of the tort-feasor. As such, Defendant denied Plaintiff's claim for uninsured/underinsured motorist benefits.

11. On or around September 16, 2016, said tort-feasor tendered his limits of $25,000.00 as the value of Plaintiff's claim clearly exceeded that amount.

12. Defendant State Farm refuses to tender benefits under the applicable policies of insurance and continues to maintain the position that the value of Plaintiff's claim falls within the policy limits held by the tort-feasor.

## CAUSE OF ACTION

(AS TO DEFENDANT STATE FARM)

COUNT I: BREACH OF CONTRACT

13. Paragraphs 1-12 are incorporated herein by reference.

14. Plaintiff was insured by multiple uninsured/underinsured motorist coverage policies with Defendant State Farm at the time of the accident.

15. That, at the time of the accident, the third party tort-feasor was an underinsured

motorist, in that he did not have enough liability insurance coverage to thoroughly compensate the Plaintiff for his injuries.

16. That pursuant to the terms of the policies of insurance with Defendant State Farm, this is a situation wherein the uninsured/underinsured motorist coverage contained in said policies apply to the accident involving Plaintiff.

17. Plaintiff has requested that Defendant State Farm tender payment under said policies, and Defendant State Farm has failed to tender said payment in connection with said policies. Plaintiff has performed all conditions precedent under the policies.

18. That the Defendant State Farm has breached its contracts of insurance and has wholly refused or neglected to pay Plaintiff the value of his damages. Said failure constitutes a breach of contract of said insurance policies, and the Plaintiff is entitled to a judgment against Defendant State Farm for the personal injuries sustained while covered by such contract, together with attorney's fees and costs.

### COUNT II – BAD FAITH

19. Paragraphs 1-18 are incorporated herein by reference.

20. There was in effect at the time of the accident multiple policies of uninsured/underinsured motorist coverage with Defendant State Farm with respect to the Plaintiff.

21. Defendant State Farm was contacted by Plaintiff requesting that it fulfill its contractual obligations and tender payment under the applicable policies of uninsured/underinsured insurance coverage.

22. As of the date of this filing, Defendant State Farm has yet to tender the policy amounts owed to Plaintiff, or to make any payment to Plaintiff whatsoever.

23. In its handling of Plaintiff's claim for benefits under the insurance policies, and as a matter of routine practice in handling similar claims, Defendant breached its duty to deal fairly and in good faith towards Plaintiff and others. Specifically, State Farm breach its duty to Plaintiff in the following respects:

    a. Failing to pay Plaintiff the insurance benefits that he was entitled to under the policy at a time when Defendant knew or reasonably should have known Plaintiff was entitled to those benefits;

    b. Refusing to honor Plaintiff's claim without a legitimate, arguable reason and wholly lacking any evidence or support for its refusal;

    c. Unreasonably delaying payment of benefits and denying Plaintiff's claim for some benefits without a reasonable basis;

    d. Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

    e. Shifting the burden of investigating Plaintiff's claim onto Plaintiff and her attorney;

    f. Intentionally and recklessly misapplying provisions of the insurance policy;

    g. Treating Plaintiff as an adversary;

    h. Treating Plaintiff as an insurance company would treat a third-party insured to whom no duty of good faith and fair dealing is owed;

    i. Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendant by not paying an amount owed under the insurance contract;

  j. Failing to properly investigate the Plaintiff's claim for benefits;

  k. Failing to properly evaluate the Plaintiff's claim for benefits;

  l. Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under first-party insurance policies, including Plaintiff's; and

  m. Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the Plaintiff's claim.

24. As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment, medical expenses and financial hardship, all in an amount in excess of $75,000.00.

25. Plaintiff has retained an attorney to prosecute this action and is thus entitled to a reasonable attorney fee as well as the costs expended in pursuit of this litigation.

### COUNT III – PUNITIVE DAMAGES

26. Paragraphs 1-25 are incorporated herein by reference.

27. The intentional, wanton and reckless conduct of Defendant in disregard of Plaintiff and others is, and was, conducted with full knowledge, in that Defendant knew, or should have known, of the severe adverse consequences of its actions upon Plaintiff and others.

28. That such actions and or inactions were not only detrimental to the Plaintiff but the public in general.

29. Defendant has acted intentionally, maliciously and in reckless disregard for the rights of the Plaintiff. As a result, the Plaintiff is entitled to recover punitive damages

against the Defendant for these actions.

**WHEREFORE**, based on the foregoing, Plaintiff prays that this Court grant the relief sought including, but not limited to, actual damages in excess of Seventy Five Thousand Dollars ($75,000.00), with interest accruing from date of filing of suit, punitive damages in excess of ($75,000.00), reasonable attorneys fees, and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

_____
Donald E. Smolen, II (OBA# 19944)
Laura L. Hamilton (OBA# 22619)
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
*Attorneys for Plaintiff*